UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-02590-KKM-SPF

JESSIE PRICE,

    Plaintiff,

v.

LINCARE, INC.,
a Foreign Profit Corporation,

    Defendant.

_____/

### FIRST AMENDED COMPLAINT[1] AND DEMAND FOR JURY TRIAL DECLARATORY RELIEF REQUESTED INJUNCTIVE RELIEF REQUESTED

Plaintiff, JESSIE PRICE ("Ms. Price" or "Plaintiff"), through her undersigned counsel, files this First Amended Complaint against Defendant, LINCARE, INC. ("Defendant" or "LI"), a foreign profit corporation, and states as follows:

1. Plaintiff brings this action for sex discrimination, sexual harassment, and retaliation based on sex in violation of Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

---

[1] This First Amended Complaint is an amendment to the Defendant's name and the Caption only.

## JURISDICTION AND CONDITIONS PRECEDENT

3. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, and the actions giving rise to this lawsuit occurred in Pinellas County, Florida.

4. On or about April 19, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. On or about September 6, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

6. Pursuant to Title VII, Ms. Price timely files this lawsuit within the applicable period of limitations against LI, and has complied with all administrative prerequisites.

7. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

8. Venue is proper because LI conducts substantial business in Pinellas County, Florida, and Plaintiff worked for Defendant in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

9. Plaintiff, who is an adult female, is protected by Title VII and the FCRA because:

    a. She was a female who suffered discrimination and harassment based on her sex by Defendant; and

    b. She objected to the sex-based discrimination and harassment; and

    c. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being unlawfully harassed and terminated because of her sex, and being subjected to sexual harassment.

10. Defendant was at all material times an "employer" as defined by Title VII and the FCRA as it employed in excess of fifteen (15) employees.

11. Ms. Price was placed with LI initially by a third party, Hornet Staffing.

12. Ms. Price's employment took place on LI's premises.

13. LI exercised total control over Ms. Price and her work.

14. LI had the power to fire, hire, or modify Ms. Price's employment conditions.

15. Plaintiff was at all material times an "employee" as defined by Title VII and the FCRA.

16. Defendant at all material times was Plaintiff's "employer" within the meaning of Title VII and the FCRA.

17. Defendant is a foreign profit corporation that is registered to do business in the State of Florida, including, among other places, Pinellas County,

Florida.

## STATEMENT OF FACTS

18. Ms. Price worked for LI as a Shipping Clerk from November 16, 2020, until her forced discharge on March 13, 2021.

19. Beginning approximately two (2) weeks after commencing work with LI, Ms. Price's direct Supervisor at LI, Diana, who is also female, began harassing and abusing Ms. Price sexually.

20. Diana even stalked Ms. Price outside of work and at her home.

21. On one occasion, the sexually-inflamed Diana pounded on Ms. Price's door at 1:30 in the morning.

22. Diana has called Ms. Price up to five (5) times per day on Ms. Price's days off of work, and lied to Ms. Price in order to lure her to a remote site.

23. Ms. Price is not gay or lesbian, and had a boyfriend at that time, but this mattered little to the sexually aggressive Diana.

24. Indeed, the abusive Diana told Ms. Price's boyfriend menacingly that she "loves" Ms. Price and would "steal [Ms. Price] away from [him]."

25. Ms. Price made it very clear to Diana that she is not gay, is not interested in women, and was not interested in her, specifically.

26. During her time with LI, Ms. Price objected repeatedly to other LI Supervisors including her Department Manager that LI's actions violated, *inter alia*, Title VII and the FCRA.

27. Ms. Price's objections constituted protected activity under Title VII and the FCRA.

28. Ms. Price's Department Manager merely told Ms. Price to "block [her Supervisor's] number," and Ms. Price's LI Shift Lead told her not to be alone with Diana at work, and further stated, "Diana is dangerous and she is in love with you. Call the police the next time she comes to your house."

29. LI never took any meaningful action to curb the sexually-frenzied Supervisor's outrageous behavior.

30. Diana made disgusting sexual remarks to Ms. Price regularly, and the abuse, harassment, and dangerously deranged stalking and other bizarre behavior continued into March of 2021.

31. On March 13, 2021, realizing that LI would never ameliorate the dangerous and unacceptable discrimination, abuse, and harassment based on sex to which she was being subjected, no matter how often or how forcefully she objected to same, Ms. Price wisely resigned from employment with LI.

32. No reasonable person would have done otherwise.

33. Title VII and the FCRA prohibit sex discrimination and sexual harassment in the workplace.

34. Plaintiff's discharge constitutes an adverse employment action as defined by Title VII and the FCRA.

35. Plaintiff suffered an adverse employment action as a result of her sex.

36. With respect to Plaintiff's objections to Defendant's sexual harassment and discrimination based on sex, Defendant violated Title VII and the FCRA because it failed to take prompt and remedial action to correct the sex discrimination and sexual harassment, as the law required, and instead, continued to allow the conduct to continue against Plaintiff.

37. Defendant provided no valid cause, reason, or explanation to Plaintiff for her discharge.

38. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

39. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover-up for illegal discrimination and retaliation.

40. Plaintiff's discharge was for pretextual and discriminatory reasons, including, but not limited to, discrimination, harassment, and retaliation based on sex.

41. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties.

42. Defendant did not have a legitimate, non-discriminatory, non-retaliatory rationale for allowing and participating in the harassment and discrimination suffered by Plaintiff.

43. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

44. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment.

45. LI's adverse employment action against Ms. Price was taken in retaliation for her sex and for her objections to LI's discrimination and harassment based on sex.

46. Plaintiff has suffered damages as a result of Defendant's conduct.

47. Defendant lacked a good faith basis for its actions.

48. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under Title VII.

51. The discrimination/harassment to which Plaintiff was severe and pervasive, and was based on her sex.

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

55. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- SEX DISCRIMINATION/SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

56. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth in this Count.

57. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

58. The discrimination/harassment to which Plaintiff was severe and pervasive, and was based on her sex.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

62. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III- RETALIATION IN VIOLATION OF TITLE VII BASED ON SEX

63. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth in this Count.

64. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

65. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

66. Plaintiff's discharge was in close temporal proximity to her objections to Defendant that she felt that she was being harassed and discriminated against based on sex.

67. Plaintiff's objections constituted protected activity under Title VII.

68. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

69. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

70. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

71. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

74. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV- RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON SEX

75. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 of the Complaint as if fully set forth in this Count.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination and harassment under Section 760.10(7), Florida Statutes.

77. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

78. Plaintiff's discharge was in close temporal proximity to her objections to Defendant that she felt that she was being harassed and discriminated against based on sex.

79. Plaintiff's objections constituted protected activity under Title VII.

80. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

81. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

82. Defendant's stated reasons for Plaintiff's adverse employment action

are a pretext.

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

85. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 21st day of February, 2024.

                                      Respectfully Submitted,

                                      By: **/s/ Lisa Kuhlman**
                                      Noah E. Storch, Esq.
                                      Florida Bar No. 0085476
                                      Lisa Kuhlman
                                      Florida Bar No. 0978027
                                      RICHARD CELLER LEGAL, P.A.
                                      10368 W. State Rd. 84 Suite 103
                                      Davie, FL 33324
                                      Telephone:  (866) 344-9243
                                      Facsimile:   (954) 337-2771
                                      E-mail: noah@floridaovertimelawyer.com
                                      E-mail: lisa@floridaovertimelawyer.com

                                      *Attorneys for Plaintiff*